

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

LDV/ZI/PL AGR
2010R00631

*11-429*

970 Broad Street, Suite 700        973/645-2700
Newark, NJ 07102

June 22, 2011

Susan Cassell, Esq.
419 Lucille Court
Ridgewood, NJ 07450-5411

Re:  Plea Agreement with Daniel Spitler

Dear Ms. Cassell:

This letter sets forth the plea agreement between your client, Daniel Spitler, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Daniel Spitler to a two-count information, which charges that Daniel Spitler conspired to access a computer without authorization and obtain information from a protected computer in furtherance of a criminal violation of the laws of the State of New Jersey, contrary to 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B)(ii), in violation of 18 U.S.C. § 371; and also that Daniel Spitler committed fraud in connection with personal information by possessing, without lawful authority, means of identification of other persons in connection with unlawful activity, contrary to 18 U.S.C. §§ 1030(a)(2)(C), in violation of 18 U.S.C. § 1028(a)(7). If Daniel Spitler enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Daniel Spitler for his actions in creating a computer script that accessed AT&T's servers without authorization and obtained the personal information of approximately 120,000 users of the Apple iPad.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not

remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Daniel Spitler may be commenced against him, notwithstanding the expiration of the limitations period after Daniel Spitler signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Daniel Spitler agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1028(a)(7) to which Daniel Spitler agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Daniel Spitler is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Daniel Spitler ultimately will receive.

Further, in addition to imposing any other penalty on Daniel Spitler, the sentencing judge: (1) will order Daniel Spitler to pay an assessment of $100 per count

pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Daniel Spitler to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Daniel Spitler, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 982; and (5) pursuant to 18 U.S.C. § 3583, may require Daniel Spitler to serve a term of supervised release of not more than 3 years on each count, which will begin at the expiration of any term of imprisonment imposed. Should Daniel Spitler be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Daniel Spitler may be sentenced to not more than 2 years' imprisonment on each count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Daniel Spitler agrees to make restitution for losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to AT&T.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Daniel Spitler by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Daniel Spitler's activities and relevant conduct with respect to this case.

Stipulations

This Office and Daniel Spitler agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea

agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Daniel Spitler from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and Daniel Spitler waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or

commenced in the future against Daniel Spitler. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Daniel Spitler.

<u>No Other Promises</u>
This agreement constitutes the plea agreement between Daniel Spitler and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Zach Intrater
Assistant U.S. Attorney

APPROVED:

_____
Erez Liebermann
Unit Chief, Computer Hacking & Intellectual Property Division

I have received this letter from my attorney, Susan Cassell, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and forfeiture. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 6/22/11
Daniel Spitler

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and forfeiture. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 6/22/11
Susan Cassell, Esq.

<u>Plea Agreement With Daniel Spitler</u>

<u>Schedule A</u>

1.  This Office and Daniel Spitler recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Daniel Spitler nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Daniel Spitler within the Guidelines range that results from the total Guidelines offense level set forth below.

2.  The version of the United States Sentencing Guidelines effective November 1, 2010 applies in this case.

3.  Daniel Spitler is pleading guilty to two counts charged in the Information.  Pursuant to U.S.S.G. § 3D1.2, Count One groups together with Count Two because the offense levels for both Counts are determined largely on the basis of the total amount of harm or loss.  See U.S.S.G. § 3D1.2(d).

4.  Pursuant to U.S.S.G. § 3D1.4, there is one unit, because there is only one Group.  Thus, there is no increase in the offense level under the Grouping Analysis.

5.  The applicable guideline for Count One is U.S.S.G. § 2B1.1.  This guideline carries a Base Offense Level of 6.

6.  Daniel Spitler caused a loss of more than $30,000.  Therefore, Specific Offense Characteristic § 2B1.1(b)(1)(D) applies.  This Specific Offense Characteristic results in an increase of 6 levels.

7.  Daniel Spitler's offense involved sophisticated means.  Therefore, Specific Offense Characteristic § 2B1.1(b)(9)(C) applies.  This Specific Offense Characteristic results in an increase of 2 levels.

8.  Daniel Spitler's offense involves a conviction contrary to 18 U.S.C. § 1030, and the offense involved both an intent to obtain personal information and the unauthorized public dissemination of personal information.  Therefore, Specific Offense Characteristics § 2B1.1(b)(15)(A) and (B) apply.  These Specific Offense Characteristics result in an increase of 2 levels.

9.  The total offense level for Count One is

therefore 16.

10. The Guidelines calculation for Count Two is identical to that of Count One. The total offense level for Count Two is therefore 16.

11. Pursuant to U.S.S.G. § 3D1.3, the highest offense level of the two Counts should be applied. The highest offense level is 16.

12. The Guideline offense level applicable to Daniel Spitler is thus 16.

13. As of the date of this letter, Daniel Spitler has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Daniel Spitler's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

14. As of the date of this letter, Daniel Spitler has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Daniel Spitler enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Daniel Spitler's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Daniel Spitler will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

15. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Daniel Spitler is 13 (the "agreed total Guidelines offense level").

16. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 13 is reasonable.

17. Daniel Spitler knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal

under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

        18.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.